MOORE *v.* HENDERSON.

Opinion delivered February 11, 1905.

APPEAL—LIMITATION.—Under Kirby's Digest, § 1199, providing that "an appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed," an appeal must be prosecuted within one year after rendition of the judgment sought to be reviewed, and not within one year after the overruling of the motion for new trial, where such motion serves no other purpose than a means for review of the proceedings culminating in the judgment.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Appeal dismissed.

*Greaves & Martin,* for appellee.

The appeal prayed for in the court was not taken within one year after rendition of the judgment. Acts 1899, p. 111; 69 Ark. 281; 70 Ark. 83.

*James E. Hogue,* for appellant.

The appeal was taken in due time. Kirby's Dig. § 1188.

HILL, C. J. This was a suit in ejectment, and resulted in a verdict and judgment in favor of the plaintiff (appellee here) on the 7th of October, 1903.

On the 10th of October, 1903, the defendant (appellant here) filed a motion for a new trial. The grounds upon which the new trial was asked were that the verdict was contrary to the evidence, contrary to law, and that improper argument had been made by counsel, and error in the instructions given and error in refusal to give instructions asked. The motion for new trial was overruled on the 14th day of January, 1904. Exceptions were duly noted, time given for a bill of exceptions to be filed, and an appeal granted to the Supreme Court. The bill of exceptions was duly filed, but the time for perfecting the appeal granted by the circuit court lapsed by failure to file the transcript in this court within ninety days. Thereafter, on the 23d day of November, 1904, the transcript was filed in this court. An application then made to the clerk of this court to grant an appeal, which was on that day done.

The appellee moves to dismiss the appeal because granted more than one year after the judgment was rendered, and the appellant responds that it is within one year after the motion for new trial was overruled, and that the appeal is from that order.

Section 1199, Kirby's Digest, says: "An appeal or writ of error shall not be granted except within one year next after

the rendition of the judgment, order or decree sought to be reviewed," with an exception not pertinent here.

The judgment or order sought to be reviewed here is the judgment in the case, and not the order on the motion for new trial. The motion for new trial in this case was merely a necessary step in order to appeal from the judgment, and performed the useful office of an assignment of error.. Appellant relies upon section 1188, Kirby's Digest, which, *inter alia,* provides for an appeal from an order granting or refusing to grant a new trial. Where the motion serves other purpose than a means of review of the proceedings culminating in the judgment, and the ruling upon it calls for consideration of matter then presented, it is appealable. For instance, a motion for new trial for newly discovered evidence, within sections 6215 and 6218, Kirby's Digest, calls for a consideration of matters not previously presented, and upon which the court makes an original ruling, and such order would of itself be appealable, in order to review the action of the court upon it, and not upon the original judgment.

In *Cooper* v. *Ryan,* 73 Ark. 37, an order after judgment was held appealable, while the appeal from the judgment itself was barred. Without going into a consideration of when orders on motion for new trial are appealable generally, it is sufficient after that judgment was rendered, and is therefore dismissed.