EVANS *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

COMPANY.

Opinion delivered July 8, 1905.

APPEAL,—TIME FOR PROSECUTING—DEATH OF PARTY.—Under Kirby's Digest §
1199, providing that "an appeal or writ of error shall not be granted
except within one year next after the rendition of the judgment, order
or decree sought to be reviewed, unless the party applying therefor
was an infant or of unsound mind at the time of rendition," no excep-
tion was made in the case of a party dying during the year.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Appeal dismissed.

*S. J. Hunt, N. T. White* and *Ben J. Altheimer,* for appellant.
The peremptory instruction of the court was error. 62 Ark.
154. The appellee was guilty of negligence in making the run-
ning or drop switch at the time and place made. Thomp. Neg.
412; 32 N. Y. 597; 94 Mo. 150; 18 L. R. A. 66; Shearman & Red.
Neg. § 466; 19 S. W. 738; 55 Ill. 379; 31 L. R. A. 855; 32 L. R
A. 530; 139 U. S. 469; 33 C. C. A. 644; 64 Ark. 535; 78 S. W.
220. Appellant was not a trespasser. 57 Ark. 151; 69 Ark. 294;
63 Ark. 638; 69 Ark. 294; 13 L. R. A. 634; 31 L. R. A. 855; 69
Ark. 496. The question as to whether Venna Evans was guilty
of contributory negligence should have been submitted to the jury.
62 Ark. 159; 54 Ark. 164; 12 L. R. A. 184; 18 *Id.* 60; 8 *Id.* 793;
52 *Id.* 352; 60 S. W. 996; 68 Miss. 355; 67 N. Y. 419; 13 C. C. A.
608; 78 S. W. 220.

*B. S. Johnson,* for appellee.
The appeal was not taken in due time. Kirby's Dig. § 1199;
74 Ark. 181; 73 Ark. 37; 69 Ark. 281; 70 Ark. 83; 48
Ark. 148. The bill of exceptions is insufficient. 42 Ark. 490; 39
Ark. 258; 52 Ark. 554. The deceased's contributory negligence
bars recovery. 36 Ark. 46, 371; 46 Ark. 513; 56 Ark. 459; 54
Ark. 435; 3 L. R. A. 44; 65 Ark. 238; 61 Ark. 555, 559.

*S. J. Hunt* and *White & Altheimer,* for appellant in reply.

BATTLE, J.  Appellee, St. Louis, Iron Mountain & Southern Railway Company, moves the court to dismiss the appeal herein because it was not taken within the time prescribed by law.

The judgment appealed from was rendered on the 15th day of April, 1902.  The appeal in this case was taken on the 6th day of June, 1903, more than one year after the rendition of the judgment.  The plaintiff, against whom the judgment sought to be reviewed was rendered, died on the 17th day of October, 1902. This did not extend the time of appeal for revivor beyond the year.  The statute absolutely provides:  "An appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed, unless the party applying therefor was an infant or of unsound mind at the time of its rendition, in which cases. an appeal or writ of error may be granted to such parties or their legal representative within six months after the removal of their disabilities or death."  Kirby's Dig. § 1199.  The appeal must be taken within one year, unless the party applying therefor was an infant or of unsound mind at the time of the rendition of the judgment, order or decree.  Only two exceptions are made, and the applicant for the appeal in this case does not come within either of them.  No authority is given the court to extend the time.

The appeal granted is dismissed.