## OSBORN *v*. LEMAIRE.

### Opinion delivered April 29, 1907.

APPEAL—GRANT OF NEW TRIAL—ASSENT TO JUDGMENT BEING ABSOLUTE.— Under Kirby's Digest, § 1188, providing that "no appeal to the Supreme Court from an order granting a new trial * * * shall be effectual for any purpose unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant," and *Id.* § 1199, providing that appeals shall not be granted a new trial except within one year after rendition of the judgment, order or decree, *held*, that an appeal from an order granting a new trial, taken within time, was ineffectual where the notice of assent that

the judgment should be absolute if the order was affirmed was not filed within the year.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; appeal dismissed.

*Austin & Danaher,* for appellant.

*White & Altheimer,* for appellee.

In the absence of a statute authorizing it, an appeal can not be taken from an order granting a new trial. 2 Enc. Pl. & Pr. 131, note 3; 14 *Id.* 956. Our statute authorizing such an appeal provides that the notice of appeal shall contain an assent on appellant's part that if the order be affirmed, judgment absolute may be rendered against him. Kirby's Digest, § 1188. This statute must be complied with, or the appeal is ineffectual.

PER CURIAM. This is a motion to dismiss an appeal. The appeal is from an order granting a new trial after verdict by a jury. The order in question is in the following words:

"Thereafter, towit: On the 3d day of February, 1906, said motion for a new trial being heard and considered, the same was granted and a new trial ordered, to which ruling of the court in granting defendant a new trial plaintiff at the time excepted, and prayed an appeal to the Supreme Court, which appeal was accordingly granted, and plaintiff allowed ninety days in which to prepare and file a bill of exceptions."

Kirby's Digest, § 1188, so far as it is pertinent here, is as follows:

"The Supreme Court shall have appellate jurisdiction over the final orders, judgments and determinations of all inferior courts of the State in the following cases and no other:

\* \* \* \* \* \* \* \* \* \* \*

"Second. In an order affecting a substantial right made in such action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action; and when such order grants or refuses a new trial, or when such order strikes out an answer, or any part of an answer, or any pleading in an action; but no appeal to the Supreme Court from an order granting a new trial, in a case made or bill of exceptions, shall be effectual for any purpose unless the notice of appeal contains an assent on the part of the

appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant."

It will be noticed that the order granting the appeal contained no assent on the part of appellant that, if the order be affirmed, judgment absolute should be rendered against him. The statute has plainly made this a requirement to an appeal from an order granting a new trial. Without such provision an order granting a new trial is not ordinarily appealable. This statute has made it appealable upon the express condition that such assent be noted in the appeal.

Appellant now asks that such assent be noted, and consents that judgment absolute shall be rendered against it in the event that judgment should be affirmed.

Without determining whether such assent can be made in this court after appeal has been granted by the circuit court, it is sufficient to say that it is more than one year since the appeal was granted and before such assent is filed herein. An appeal must be perfected within one year. *Damon* v. *Hammonds,* 73 Ark. 608; *Spradlin* v. *Haller,* 69 Ark. 281; *Robinson* v. *Ark. Loan & Trust Co.,* 72 Ark. 477.

If it were proper to perfect this appeal in this court in the manner now sought, it is too late to do it. The statute requires the noting of assent to judgment absolute as a condition to obtain an appeal from such an order, and it must be complied with. The appeal is dismissed.