St. Louis, Iron Mountain & Southern Railway Company

*v.* Hix.

Opinion delivered November 20, 1911.

1. APPEAL AND ERROR—CONCLUSIVENESS OF JURY'S VERDICT.—Where the testimony upon a certain point is conflicting, the issues thereon will be treated on appeal as settled by the verdict of the jury. (Page 93.)

2. SAME—APPEAL FROM ORDER GRANTING NEW TRIAL.—Under Kirby's Digest, section 1188, providing that "no appeal to the Supreme Court from an order granting a new trial shall be effectual for any purpose

unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant," an appeal from an order granting a new trial which fails to contain such assent will be dismissed.   (Page 94.)

3.  CARRIERS—FAILURE TO STOP TRAIN—DAMAGES.—Where a passenger, upon failure of the train to stop in order for him to get on board, voluntarily drove from the station to another station and took the next train, though he could have stayed at the former station in comfort, he can not recover on account of the inconvenience, additional expense and exposure which he thereby incurred.   (Page 94.)

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*W. E. Hemingway, E. B. Kinsworthy, Horton & South,* and *J. H. Stevenson,* for appellant.

1.  By his own testimony the appellee was negligent in attempting to board the moving train, and is not entitled to recover.   2 Hutchinson on Carriers, § 1111; 2 White, Pers. Inj. 687, 692; 1 Fetter on Carriers of Passengers, 378, § 149; 67 Miss. 601, 7 So. 401; 122 Ga. 226, 50 S. E. 99; 100 Ala. 506; 145 S. E. 268; 108 N. C. 34, 12 S. E. 958; 69 S. C. 445, 48 S. E. 466.

2.  The verdict is not supported by any evidence that the train did not stop.   The testimony of Hix and Ward to that effect is not positive but a mere conclusion, while the evidence both from passengers and trainmen that it did stop is abundant and positive.

3.  The test of liability in this case is, not whether the appellee procured a ticket in time, and intended to take passage on the train, but whether he presented himself for that purpose at the proper time and place.   The court therefore erred in refusing to instruct the jury that it was the duty of the plaintiff to be ready to board the train as soon as it should stop at Pyatt to receive passengers, and that if he neglected his duty as to boarding or preparing to board the train he could not recover. 102 N. Y. 180.

4.  The verdict is clearly excessive.

*Jones & Seawel* and *Pace & Pace,* for appellee.

1.  There was positive testimony on the part of appellee that the train did not stop, and this was contradicted by testimony on the part of appellant that it did stop.   On appeal

the testimony will be considered in the light most favorable to the verdict. 89 Ark. 534; 26 Ark. 309; 21 Ark. 468; 9 Fed. 877. Even if the testimony did not support the verdict on the proposition that the train did not stop, there is sufficient evidence to support it on the proposition that it did not stop long enough to afford reasonable opportunity for the passengers to get on and off. Kirby's Digest, § 6704.

2. There was evidence that appellee purchased his ticket in time, and that he was out on the platform in time to have boarded the train and that he could and would have done so had it stopped. Appellant's objections to the court's instruction on this feature of the case were general only, and it will not be permitted to urge specific objections here for the first time. 90 Ark. 108, 112; 78 Ark. 22; 83 Ark. 61; 88 Ark. 204.

3. The verdict is not excessive. 47 Ark. 501.

4. The court erred in sustaining the seventh ground of appellant's ground of motion for new trial and in ordering a remittitur of the amount of the verdict based on the second count of the complaint. It was not negligence *per se* to attempt to board a moving train, and the evidence established a *prima facie* case of negligence on the part of appellant. 52 Ark. 402-403; 36 Ark. 45-6-7; 2 White, Personal Injuries, § 692; 100 U. S. 24; 17 Ark. 478.

McCULLOCH, C. J. The plaintiff, H. L. Hix, is a traveling salesman, and on January 7, 1910, purchased a ticket at Pyatt, a station on defendant's road in Marion County, Arkansas, preparatory to taking passage on one of defendant's passenger trains from that station to Batesville. He failed to board the train because, as he claimed, it did not stop; and, as he attempted to board it while it passed slowly by, he was thrown down and injured. He sued the railroad company to recover damages resulting from his physical injuries and also damages alleged to have resulted from interruption of his journey. The cause of action is stated in two paragraphs of the complaint, in the first for the interruption of his journey and in the second for the physical injuries received.

Defendant, in its answer, denied that its servants failed to stop the train at the station, and alleged that the plaintiff's injuries resulted from his own negligence in attempting to board the moving train.

There was some testimony tending to show that the train was not stopped, but was only slowed down at the station. The decided preponderance of the testimony is, however, to the effect that the train came to a full stop, and that passengers alighted and others got on. Inasmuch as the testimony was to some extent conflicting on this point, we must, according to well-established rules, treat the issues as settled by the verdict of the jury.

The jury returned a verdict in favor of the plaintiff, assessing his damages on the first paragraph at the sum of $400 and on the second paragraph at the sum of $250. Defendant filed a motion for a new trial, assigning numerous errors, among others that the verdict was, on each paragraph, excessive. The court overruled the motion as to the first paragraph, but granted it as to the second, and required plaintiff to remit the $250 recovered on that paragraph. This the plaintiff declined to do, and "elected not to take a new trial." Both parties appealed. That part of the judgment reads as follows:

"It is therefore by the court considered, ordered and adjudged that the seventh paragraph of defendant's motion be and is hereby sustained, and the verdict of the jury on behalf of the plaintiff in the sum of $250 on paragraph second of the complaint is hereby set aside, and the judgment herein rendered is reduced by the said sum, $250, to which ruling of the court the plaintiff at the time excepted, and elected not to take a new trial but to stand upon a cross appeal. It is further by the court considered, ordered and adjudged that said motion to set aside the verdict and judgment and to grant a new trial herein be and is hereby overruled in all things and paragraphs thereof except as to the seventh paragraph thereof above mentioned, which is sustained, to which ruling of the court in overruling said motion, except as to the seventh paragraph thereof, the defendant at the time duly and severally excepted."

The first question presented is as to the status of plaintiff's appeal from the order of the court granting a new trial as to the second paragraph of the complaint. Both parties treated the complaint as stating two distinct causes of action. The court so treated it, and the case was tried on that theory. That being true, the case is still pending in the lower court for a new trial on the second paragraph unless the plaintiff has, by appeal,

properly brought that branch of the case here for review. The statute provides that "no appeal to the Supreme Court from an order granting a new trial, in a case made or bill of exceptions, shall be effectual for any purpose, unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant." Section 1188, subdivision 2, Kirby's Digest. This provision of the statute was not complied with by plaintiff, so his appeal must be dismissed. Plaintiff's election "not to take a new trial, but to stand upon a cross appeal," is not a compliance with the statute, which required that the appeal must "contain an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant." Osborn v. LeMaire, 82 Ark. 491.

On the other branch of the case, the jury awarded damages in the sum of $400, which we think is clearly excessive. There is no evidence of any substantial injury resulting from the interruption of plaintiff's journey. After he missed the train he drove over from Pyatt to Yellville, which was only for his own pleasure and convenience, as he intended to go to Batesville, and did go there the next day, using the same ticket which he had purchased at Pyatt. There was a hotel at Pyatt where he could have stayed in comfort, and he can not exact damages from the railway company on account of inconvenience, additional expense and exposure which was avoidable and which he voluntarily brought on by his own choice, rather than to remain at Pyatt awaiting the next train. In going to Yellville he was not pursuing the interrupted journey, but was only going there by choice in order to get to a place where he preferred to stay while waiting to resume the journey. He says, it is true, that he wanted to get to a place where there was a telegraph office so that he could keep in communication with his house, but he admits that he did not send any message, and therefore had no substantial reason for going to Yellville. In response to a question by the trial judge, he frankly stated that he drove over to Yellville merely because he preferred to stay there, and the court instructed the jury not to assess any damages on account of plaintiff's going to Yellville.

As the case is to be remanded for a new trial, we deem it proper to say that the court and counsel were in error in trying

the case on the theory that there were two separate causes of action stated in the complaint. There was only one cause of action stated—that for failing to stop the train—but two elements of damage were stated, one for interruption of the journey and the other for the physical injuries alleged to have resulted from plaintiff's unsuccessful attempt to board the moving train. Of course, the right to recover damages for physical injuries depends upon the further question whether plaintiff was negligent in attempting to board the train; for, if he was negligent in that respect, the proximate cause of the injury was not the failure of defendant's servants to stop the train, but plaintiff's own negligence in attempting to board it while in motion.

Reversed and remanded.