## MATYSKI *v.* BUCZKOWSKI.

### Opinion delivered February 20, 1922.

APPEAL AND ERROR—APPEAL FROM ORDER GRANTING NEW TRIAL—DISMISSAL.—Where the trial court set aside a verdict in favor of plaintiff and granted a new trial to defendant, and plaintiff appealed without filing the stipulation required by Crawford & Moses' Dig., § 2129, subdiv. 2, that "if the order be affirmed, judgment absolute shall be rendered against the appellant", the appeal will be dismissed.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark*, Judge; appeal dismissed.

*Emmet Vaughan*, for appellant.

*Cooper Thweatt*, for appellee.

An appeal will not lie from an order granting a new trial unless the appellant in his notice of appeal agrees that if the order be affirmed judgment absolute shall be rendered against him. C. & M. Digest § 2129; 82 Ark. 490; 105 *Id.* 324; 101 *Id.* 90; 118 *Id.* 448.

McCulloch, C. J. Appellant instituted this action against appellee in the circuit court of Prairie County, (Northern District) to recover the sum of $221.80, alleged to be due on account for money deposited by appellant with appellee for safekeeping. Appellee answered, denying that the money was deposited with him for the purposes mentioned in the complaint and alleging that the amounts were delivered to him (appellee) as par-

.tial payments on certain land notes. There was a trial of the issues, which resulted in a verdict in appellant's favor for the full amount claimed in the complaint. Appellee filed a motion for a new trial, and the court, in passing on the motion, required appellant to enter a *remittitur* of $110, and, upon refusal of appellant to enter a *remittitur,* the court set aside the verdict and granted a new trial.

Appellant prayed for an appeal, which was granted by the court, but he failed to stipulate, as required by the statute (Crawford & Moses' Digest, § 2129, subdivision 2), that "if the order be affirmed, judgment absolute shall be rendered against the appellant." The appeal therefore was not properly taken and is unavailable. *Osborn* v. *LeMaire,* 82 Ark. 490; *St. L. I. M. & S. Ry Co.* v. *Hix,* 101 Ark. 90; *Yowell* v. *Fort Smith Pure Milk Co.,* 118 Ark. 448.

The appeal not being properly taken, the cause still stands for trial on the docket of the circuit court, the same as if an appeal had not been attempted.

Appeal dismissed.