PEARCE v. PEOPLE'S SAVINGS BANK & TRUST COMPANY.

Opinion delivered March 20, 1922.

1. APPEAL AND ERROR—SEPARATE APPEALS.—There can be no separate appeal from an order refusing to set aside a decree rendered at the same term; but the appeal must be from the decree, which, if effective, would bring under review the order of the court refusing to set it aside.

2. APPEAL AND ERROR—TIME TO APPEAL.—Under Crawford & Moses' Dig., § 2140, providing that no appeal shall be granted except within six months after the rendition of the judgment, order or decree sought to be reviewed, pendency of a petition to vacate the decree does not extend the time for granting and perfecting the appeal.

3. APPEAL AND ERROR—TIME TO APPEAL.—Under Crawford & Moses' Dig., § 2140, providing that no appeal shall be granted except within six months after rendition of the judgment, order or decree sought to be reviewed, the appeal must be perfected as well as granted in that time; section 2135 requiring appellant to file an authenticated copy of the record within 90 days after the. appeal is granted merely restricting the time for filing the transcript, and not extending it beyond the time allowed for granting · the appeal.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; appeal dismissed.

PER CURIAM. This is an appeal from a final decree of the chancery court of Jefferson County confirming a sale of real estate made by the commissioner under a former decree of the court; and appellee moves for a dismissal of the appeal on the ground that it was not perfected within the time prescribed by the statute.

The decree of confirmation was rendered by the court on July 23, 1921, and during the same term of court appellant, whose exceptions to the sale had been overruled in the decree of confirmation, filed a motion on November 9, 1921, praying that the decree of confirmation be set aside. The court overruled the motion on November 19, 1921, which was a day of the same term, and an appeal was then prayed, and was granted by the chancery court. The transcript was not lodged in this court until February 6, 1922, which was more than six months after the rendition of the decree of confirmation, but within ninety days after the appeal was granted by the chancery court.

It is said by counsel for appellant that the appeal was from the order refusing to vacate the former decree as well as from the former decree itself, but this is not so, for there cannot be a separate appeal from an order made during the same term refusing to set aside a decree on a former day of the term. If such an appeal were allowed, it would necessarily bring up for review the correctness of the former decree, even though the appeal was not taken within the time prescribed by law; otherwise, if the application to set aside the decree was made at a subsequent term, that would constitute an independent proceeding from which an appeal would lie. *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160. This must therefore be treated as an attempt to appeal from the final decree of confirmation, which, if effective, would bring under review the order of the court refusing to set it aside.

The pendency of the petition to vacate the decree did not extend the time for granting and perfecting the appeal. *Oxford Tel. Mfg. Co.* v. *Arkansas Natl. Bank*, 134 Ark. 386.

The statute provides that an appeal cannot be taken except within six months after the rendition of the judgment, order or decree sought to be reviewed. Crawford & Moses' Digest, § 2140.

The record shows that the appeal in this case was granted within six months, but that it was not perfected by filing the transcript here within the time prescribed by the statute referred to above. The question arises, then, whether the section cited above requires that the appeal be perfected within the time, or whether it merely provides that the appeal must be granted within the time, and that it has no application to the time within which the appeal must be perfected.

The question now under consideration was propounded and answered by Judge BATTLE in delivering the opinion of this court in the case of *Robinson* v. *Arkansas Loan & Trust Co.,* 72 Ark. 472: "What is an appeal? 'The word, when accurately used in law matters, means the removal of a suit in equity, or of an action at law, from an inferior to a superior court.' * * * * When the appeal is granted, and an authenticated copy of the record is filed in the Supreme Court, the suit or action is thereby removed. The filing of the copy of the record is necessary, because it is the source from which the appellate tribunal obtains its knowledge of the facts in the case and of the questions upon which it is its duty to pronounce judgment. When it is filed, the appellate court's jurisdiction of the subject-matter is complete, and the cause is removed."

In the opinion of this court in the case of *Osborn* v. *LeMaire,* 82 Ark. 490, it is said, "an appeal must be perfected within one year."

These decisions are conclusive of the question now presented, for it is conceded that the appeal was not perfected by filing the transcript with the clerk of this court within six months after the final decree was rendered. But it is insisted by counsel for appellant that the statute referred to above has no application to the time for filing the transcript, which is controlled by another statute reading as follows: "It shall be the duty of the appellant to file in the clerk's office of the Supreme Court, within ninety days after the appeal or writ of error is

granted, an authenticated copy of the record, otherwise his appeal or writ of error shall be dismissed; but the Supreme Court may for cause shown extend the time for filing such copy.'' Crawford & Moses' Digest, § 2135.

Counsel are mistaken in their contention, for this statute merely restricts the time for filing the transcript, and does not extend it beyond the time allowed for granting the appeal. If the construction of counsel were correct, then an appeal might be obtained from the clerk of this court, as well as from the lower court, at any time within six months after the rendition of the final decree and then file the transcript at any time within ninety days. On the contrary, this court has decided that the transcript must be filed in this court within six months where an appeal was sought to be obtained here. *Damon v. Hammonds*, 73 Ark. 608; *Moore v. Henderson*, 74 Ark. 181.

The appeal not being within the time prescribed by the statute, the same is dismissed.