UNITED DRUG COMPANY *v.* BEDELL.

Opinion delivered June 2, 1924.

1. APPEAL AND ERROR—TIME FOR FILING TRANSCRIPT.—In a proceeding in chancery the time for filing the transcript on appeal is not extended by filing a motion to vacate the decree.

2. APPEAL AND ERROR—TIME FOR FILING TRANSCRIPT.—Where a decree, entered of record on March 19, recited that same was rendered on January 30, a transcript on appeal filed more than six months after the latter date is too late.

3. JUDGMENT—AMENDMENT.—Every court of record has control over its judgments and decrees, and may, even after the term has ended, correct clerical mistakes and cause them to speak the truth.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; appeal dismissed.

*Reinberger & Reinberger,* for appellant.

*Rowell & Alexander,* for appellee.

The appeal was not perfected within the time allowed by law and should be dismissed. 152 Ark. 581; 157 Ark. 351; 122 Ark. 255; 134 Ark. 386.

HART, J. This suit was brought by appellee against appellant in the Jefferson Chancery Court to enjoin the appellant, United Drug Company, from prosecuting a suit against appellee in the Jefferson Circuit Court, and to reform certain notes signed by him and payable to the order of United Drug Company.

Appellants filed an answer denying the allegations of the complaint, and asking that it be dismissed for want of equity.

It appears from the record that the United Drug Company brought suit in the municipal court in the city of Pine Bluff, Jefferson County, Arkansas, against A. G.

Bedell on a series of notes, twenty-six of which were for $25 each, and the remaining one for $13.82. A. G. Bedell defended the suit on the ground that he had signed the notes as agent of his wife, Julia S. Bedell, who was the owner of Bedell's Pharmacy, and that, by mistake, the name of the principal was not inserted in the notes before they were sent to the United Drug Company. The case went from the municipal court on appeal to the circuit court, and A. G. Bedell was allowed to prove in the circuit court, by parol evidence, the defense relied upon by him that he had signed the notes as agent for his wife. He recovered judgment in the circuit court, and the United Drug Company duly prosecuted an appeal to this court.

The judgment was reversed on the ground that it was not competent to show by parol evidence that A. G. Bedell signed the notes sued on as agent merely for his wife. The opinion was delivered July 12, 1920. *United Drug Co.* v. *Bedell*, 145 Ark. 96.

The present suit was instituted in the chancery court on the 5th day of October, 1920. The answer of appellants, who were defendants in the court below, was filed on the 12th day of February, 1921. It appears from the transcript that an opinion and decree in favor of appellee against appellants was entered of record in the chancery court, in book 30, p. 70. The caption is as follows:

"In the Jefferson Chancery Court—Tuesday, January 30, 1923 (November Term). A. G. Bedell v. United Drug Company et al.—No. 8063."

Then follows the opinion of the court, making a specific finding in favor of A. G. Bedell and ending with a decree enjoining the United Drug Company and the other appellants from prosecuting a suit against A. G. Bedell on the notes in question.

The decree also directs that the notes be reformed so as to show that they were signed by A. G. Bedell as agent of Bedell's Pharmacy.

On the next page of the transcript in the present case we copy the following:

"In the Jefferson Chancery Court, Monday, March 19, 1923 (November Term). Decree. A. G. Bedell v. United Drug Company et al.—No. 8063,

"Now on this 2d day of January, 1923, comes on this cause for hearing, comes the plaintiff by his attorneys, Rowell & Alexander, and comes the defendant, United Drug Company, by its attorneys, Reinberger & Reinberger. And this action, having been reached upon the call of the calendar, is submitted to the court for its consideration and judgment, upon the complaint, the answer of the defendant, the demurrer of the plaintiff and the order of the court thereon, and the petition requiring the plaintiff to execute a bond for the restraining order heretofore issued, the deposition of A. G. Bedell, original notes in question, and agreed statement as to testimony of W. C. Hudson, on behalf of the plaintiff, and the deposition of George W. Skuse and Irving Reinberger on behalf of the defendant, and the court took the matter under advisement. And that on the 30th day of January, 1923, the court, being well and sufficiently advised as to all matters, rendered the following opinion upon the facts."

Pages 122, 123, and 124 of the transcript contain the opinion and decree of the court. The opinion contains a specific finding in favor of the appellee against appellants, and concludes as follows:

"Under these circumstances, the court is of the opinion that the defendants should be enjoined from prosecuting the suit now pending in the circuit court, and that the notes sued on should be reformed by the insertion of the words, 'Bedell's, per' over the signature of the plaintiff.

"It is so ordered."

Immediately following is the decree of the court. It is decreed that the United Drug Company and its codefendants be perpetually enjoined from prosecuting a suit on the notes in question pending in the Jefferson Circuit Court, in the case of the United Drug Company v. A. G. Bedell.

It was further agreed that said notes should be reformed so as to show that they were signed by A. G. Bedell, as agent for Bedell's Pharmacy.

The transcript was filed in this court on August 14, 1923. A. G. Bedell filed a motion to dismiss the appeal on the ground that the transcript was not filed in this court within the time allowed by statute.

Appellants filed a response to the motion to dismiss the appeal. In its response the United Drug Company states that it did not know that a decree was rendered in the case on January 30, 1923, in the Jefferson Chancery Court, and was misled by the filing of the decree on March 19, 1923, in the same case in the same court.

One of the attorneys for the United Drug Company filed an affidavit with the response. In it he stated that some time immediately after January 30, 1923, he received through the mail from the chancellor what purported to be his opinion, and several days later the decree of the court. Immediately upon receipt of the decree he advised the chancellor that he would like to make some corrections in the decree, which he did, and, upon presenting them to the chancellor, the latter instructed the affiant to present the decree to the attorneys for appellee for their approval, which was done, and the decree was rendered on the 19th day of March, 1923. Upon receipt of the transcript about the 10th day of August, 1923, the attorney for appellant went to the office of the attorneys for appellee and asked them to enter their appearance in the Supreme Court. The attorneys for appellee, after examining the transcript, stated that the decree of January 30, 1923, had been omitted from the transcript, and this was the first time that the attorney for appellants knew that a decree had been entered in the case on January 30, 1923. The decree above referred to, purporting to have been rendered on January 30, 1923, was then inserted in the transcript.

Other matters are stated by the attorney for appellants in his affidavit; but, inasmuch as we do not deem them material to the issue raised, we do not insert them in the opinion.

In deciding the issue as to whether the appeal was taken in the time allowed by statute, we have considered that the decree was not entered of record until the 19th day of March, 1923.

Section 2140 of Crawford & Moses' Digest provides that an appeal shall not be granted except within six months next after the rendition of the judgment or decree sought to be reviewed, unless the party applying therefor was an infant or of unsound mind at the time of its rendition.

In construing this section, this court has held that the time for taking an appeal to the Supreme Court is six months after the rendition of the judgment, or decree sought to be reviewed; and that, in a proceeding in chancery, this time is not extended by reason of the filing of a motion to vacate the decree. *Oxford Tel. Mfg. Co. v. Arkansas National Bank,* 134 Ark. 386, and cases cited.

Now it will be noted that, although the decree was not entered of record until the 19th day of March, 1923, it was actually rendered on the 30th day of January, 1923. This is shown by the recitation of the decree itself. It specifically recites that, on the 30th day of January, 1923, the court, being well and sufficiently advised as to all matters, rendered the following opinion upon the facts. Then follows a specific finding of the chancellor upon the facts, with the conclusion that the court is of the opinion that the defendants should be enjoined from prosecuting the suit pending in the circuit court, and that the notes sued on should be reformed.

Thus it will be seen that there is an express recital in the decree that it was rendered on the 30th day of January, 1923. The transcript was not lodged in this court until the 14th day of August, 1923, which was more than six months after the rendition of the decree appealed from.

It appears from the affidavit of the attorney for the appellant, filed in response to the motion to dismiss the appeal, that he knew the decree was entered of record on the 19th day of March, 1923. If he had read it carefully.

he would have seen that it contained a recitation that it had been rendered on the 30th day of January, 1923, and this would have put him on notice that he must perfect his appeal within six months from the date of the rendition of the decree. If the recital in the decree that it was rendered on the 30th day of January, 1923, was a mistake, it should have been corrected then, or it could have been corrected at a later date so as to make it speak the truth. Inasmuch as the date when the decree is rendered fixing the time and the date when the time limited to appeals begins to run, if that date is not correctly stated in the record entry, the record entry should be amended so as to make it appear according to the facts.

It is well settled in this State that every court of record has control over its own judgments and decrees, and has power, as well after the term has ended as while it lasts, to correct clerical mistakes and to cause them to speak the truth. *Bobo* v. *State,* 40 Ark. 224; *Schoffield* v. *Rankin,* 86 Ark. 86, and *Bouldin* v. *Jennings,* 92 Ark. 299.

The appeal was not taken within six months from the date of the rendition of the decree appealed from, and it follows that the motion of appellee to dismiss the appeal must be granted.

It is so ordered.