SHEFFIELD v. BRANDENBURG.

4-3642

Opinion delivered December 17, 1934.

*E. F. Duncan* and *Ras Priest,* for appellants.

SMITH, J. On January 30, 1933, a complaint was filed by the widow and heirs of B. H. Sheffield, who sued in that capacity, against Charles Brandenburg, which contained the following allegations: On November 19,

1934, plaintiff's intestate was struck by an automobile driven by defendant and severely injured. He brought suit to recover damages to compensate the injury which he had sustained. The date on which the suit was filed is not alleged, but the plaintiff Sheffield took a voluntary nonsuit on September 10, 1928. He filed a second suit on September 4, 1929, in which he also took a non-suit on February 4, 1930. Sheffield died in August, 1930, and thereafter his widow and heirs filed this suit on the date above stated. The cause was set for trial on the first day of the fall term, 1933, but was not tried at that time and was continued for the term and set for trial on the first day of the next ensuing term of the court which convened January 29, 1934. On that day the court made an order in which the "cause of action was dismissed with prejudice," evidently for the want of prosecution, although the order of the court does not recite the reason why the order was made.

An appeal was prayed and granted on August 15, 1934. A writ of certiorari issued, and in response thereto the clerk of the circuit court has certified a *nunc pro tunc* order, which recites that on February 15, 1934, a motion was filed "to vacate and set aside the judgment of this court dismissing this cause with prejudice made and entered on the 29th of January, 1934, a day of the present term," which motion was heard and overruled by the court on the 15th day of February, 1934. That order was not then entered of record, but was on September 10, 1934, entered *nunc pro tunc* as having been made on February 15, 1934.

Upon this record the present appeal must be dismissed as not having been taken within the time required by § 2140, Crawford & Moses' Digest.

The recent case of *Flanagan* v. *Drainage District No. 17*, 176 Ark. 31, 2 S. W. (2d) 70, considered at some length the question of the finality of a judgment or of an order or decree from which an appeal might and should be taken. It is unnecessary to again review the cases there considered, but the effect of that opinion was to hold, as stated in a headnote to that case, that: "A judgment to be final must dismiss the parties from the

court, discharge them from the action, or conclude their rights to the subject-matter in controversy.'' When this has been done, a final judgment has been rendered, and an appeal therefrom must be taken within six months thereafter as required by § 2140, Crawford & Moses' Digest. Certain exceptions to this requirement are not applicable here, and need not be considered.

The order of the court made on January 29, 1934, dismissing the cause with prejudice, was a final and an appealable judgment, and the transcript was not filed until August 15, 1934, which was, of course, beyond the six months allowed by law for an appeal.

That the filing of a motion to vacate the judgment of January 29, 1934, did not operate to arrest the running of the statute or to enlarge the time allowed by it for perfecting the appeal has been decided in numerous cases; among others the following: *Moore* v. *Henderson,* 74 Ark. 181, 85 S. W. 237; *Evans* v. *St. Louis, I. M. & S. Ry. Co.,* 76 Ark. 266, 88 S. W. 994; *Chatfield* v. *Jarratt,* 108 Ark. 523, 158 S. W. 146; *Oxford Telephone Mfg. Co.* v. *Arkansas Nat. Bank,* 134 Ark. 386, 204 S. W. 1140; *Feild* v. *Waters,* 148 Ark. 325, 229 S. W. 735; *Pearce* v. *People's Bank,* 152 Ark. 581, 238 S. W. 1063; *United Drug Co.* v. *Bedell,* 164 Ark. 527, 262 S. W. 316; *Caudle* v. *Turner,* 179 Ark. 337, 15 S. W. (2d) 978; *Poe* v. *Walker,* 183 Ark. 659, 37 S. W. 866; *Bradley* v. *Ashby,* 188 Ark. 707, 67 S. W. (2d) 739.

The appeal was not taken within the time allowed by law, and it must therefore be dismissed. It is so ordered.