SULLIVAN *v.* SMITH.

4-3994

Opinion delivered October 21, 1935.

*C. T. Carpenter,* for appellant.

*Arthur L. Adams,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered in the circuit court of Poinsett County of the 17th day of December, 1934, setting aside a judgment for $5,000 rendered against appellee herein in favor of appellant herein at the former term of said court for injuries received by him in the operation of an automobile while in her employment and while engaged in the performance of his duties of an employee and granting her a new trial in the original suit.

In taking this appeal, appellant herein failed to file a stipulation on his part to the effect that if the order of the circuit court be affirmed, judgment absolute shall be rendered by this court against him. A part of the second subdivision of § 2129 of Crawford & Moses' Digest reads as follows:

"But no appeal to the Supreme Court from an order granting a new trial, in a case made or bill of exceptions shall be effectual for any purpose, unless the notice of appeal contains an assent on the part of appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant."

The order setting aside the original judgment and granting appellee a new trial cannot be appealed from unless the appellant assents that, if the order be affirmed, judgment absolute shall be rendered against him. No such assent appears in this appeal. A compliance with this statute is a jurisdictional requirement and a failure to comply with it, necessarily works a dismissal of the appeal. *Cormack* v. *Missouri State Life Insurance Company,* 186 Ark. 998, 57 S. W. (2d) 403, and cases cited therein.

The appeal is dismissed, the effect of which is to leave the original case pending in the circuit court for a new trial.