WILSON *v.* URQUHART.

4-6831

163 S. W. 2d 709

Opinion delivered July 13, 1942.

*Cecil C. Talley,* for appellant.

GRIFFIN SMITH, C. J. Mrs. Teresa Wilson's daughter, Vivien, married John A. Urquhart in New York June 22, 1922, and the couple resided there. In 1931 Vivien went to Garland county, Arkansas, to obtain a divorce. Her testimony is that she returned to New York before the decree was granted, her stay in Hot Springs having been for a period less than ninety days. In New York she resumed her marriage status with Urquhart, and a son (Peter Andrew) was born October 23, 1935.

January 3, 1940, Mrs. Wilson, as grandmother and next friend of Peter Andrew, brought an action in Garland chancery to annul the decree of divorce granted July 5, 1932, on Vivien's complaint. Mrs. Wilson alleged that at the time the decree was rendered Vivien was mentally incompetent.[1] The complaint was dismissed September 3, 1940, for want of equity. No appeal was taken.

October 22, 1941, Mrs. Wilson moved to vacate the order dismissing her 1940 complaint. The motion was overruled the same day; hence this appeal.

---

[1] Although the complaint of January 3, 1940, alleged that Vivien, at the time her suit was filed in 1932, was "mentally incompetent to understand and comprehend the seriousness [of her act in suing for divorce], and still is mentally incompetent," her deposition was taken in the instant case. The effect is to impliedly contradict the allegation of mental incompetency. Mrs. Urquhart established the so-called "residence" at Hot Springs Dec. 18, 1931, remained 82 days (her testimony), then returned to New York.

April 20, 1942—two days before the expiration of six months following the chancellor's action in overruling the motion to vacate the order dismissing the petition to vacate the decree of divorce—an appeal was lodged in this court. Warning order was issued on affidavit duly presented, with proof of publication May 22, 1942, for the requisite period. The attorney *ad litem* has moved to be discharged.

The appeal must be dismissed because the order of October 22, 1941, was not appealable. *United Drug Company* v. *Bedell,* 164 Ark. 527, 262 S. W. 316; *Bradley* v. *Ashby,* 188 Ark. 707, 67 S. W. 2d 739.

The 1940 decree shows that Mrs. Wilson was represented by her attorneys when the court dismissed the petition of January 3. There is the recital: "The plaintiff at the time excepted and prays that her exceptions be noted of record, which is accordingly done."

We do not discuss the question whether Mrs. Wilson, as Peter Andrew's next friend, had a right to ask the court to set aside the decree of divorce. See *Kirby* v. *Kent,* 172 Miss. 457, 160 So. 569, 99 A. L. R., p. 1303; *Baugh* v. *Baugh,* 26 American Reports, p. 495, 37 Mich. 59. But see, also, *Robert Rawlins, Administrator, et al.,* v. *Amanda Rawlins, et al.,* 18 Fla. 345. An interesting discussion of the verity given by New York to divorces granted in foreign jurisdictions where personal service was not obtained is to be found in Vreeland's "Validity of Foreign Divorces."

The appeal is dismissed and the attorney *ad litem* is discharged. No fee can be allowed the attorney because this court did not acquire jurisdiction, there having been no right of appeal.