Carl W. WIDMER v. Roy G. WOOD et ux

5-4248                                      420 S. W. 2d 828

Opinion delivered September 18, 1967
[Substituted opinion delivered November 13, 1967.]

*Carl W. Widmer,* pro se, for appellant.

*Hardin, Barton, Hardin & Jesson,* for appellees.

GEORGE ROSE SMITH, Justice. We cannot reach the merits of this case. The timely filing of a notice of appeal is essential to our jurisdiction. Ark. Stat. Ann. § 27-2106.1 (Repl. 1962); see *General Box Co.* v. *Scurlock,* 223 Ark. 967, 271 S. W. 2d 40 (1954). Here the notice was filed too late.

The appellant, acting *pro se,* filed his complaint in the Sebastian Circuit Court for damages arising from an asserted breach of a contract by which the appellees sold him certain land in Oklahoma. After a series of interlocutory proceedings the court entered its final judgment on September 13, 1966, sustaining the defendants' demurrer and motion to strike and dismissing the complaint for failure to state a cause of action.

On October 7 the plaintiff filed a motion asking the court to rescind its order of September 13 and to enter a summary judgment for the plaintiff. On November 17 the trial judge denied that motion. Two days earlier, on November 15, the plaintiff had filed his notice of appeal from the September 13 judgment. That filing was after the expiration of the thirty days allowed by the statute, *supra.* On November 23 he filed a second notice of appeal, referring both to the September 13 judgment and to the November 17 denial of his motion.

The motion to rescind the September 13 judgment is to be treated as a motion for a new trial. *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797 (1949). Such a motion to vacate does not extend the time for appealing from the original final judgment; for if that were so the appellant could obtain a review of the judgment even though he had not taken his appeal within the time allowed by statute. *Sheffield* v. *Brandenburg,* 190 Ark. 60, 76 S. W. 2d 984 (1934); *Pearce* v. *People's Sav. Bk. & Tr. Co.,* 152 Ark. 581, 238 S. W. 1063 (1922).

Nor has the appellant brought himself within Act 123 of 1963, Ark. Stat. Ann. §§ 27-2106.3 to 27-2106.6 (Supp. 1965), which we construed in *St. Louis S. W. Ry. v. Farrell,* 241 Ark. 707, 409 S. W. 2d 341 (1966). As we said there: "Section 1 of Act 123 requires that any motion for a new trial be filed within the time provided by law. That time is ordinarily a period of fifteen days after the rendition of the verdict. Section 27-1904." In the case at bar the plaintiff's motion to rescind the judgment, which, as we have seen, was in substance a motion for a new trial, was not filed within fifteen days after the entry of the September 13 judgment. Section 27-1904 provides for an extension of the fifteen-day limit in exceptional circumstances such as an unavoidable delay, but no such showing is made here. It follows that the belated filing of the motion to rescind did not bring the appellant within the purview of Act 123.

The clerk of this court was right in accepting the record when it was tendered for filing, for on its face there was a timely notice of appeal from the trial court's denial of the motion to rescind. That denial, however, did not extend the time for appealing from the original final judgment or from prior interlocutory orders, and no other error is asserted.

Affirmed.