Joyner v. Hall.

## JOYNER v. HALL.

DECREE: *Final at end of term: Appeal at next term too late.*
   The control of the circuit court over its decree ends with the term at which it is rendered, and is not carried over to the next term by the continuance of a motion for rehearing; and an appeal at the next term upon overruling the motion, is too late.

APPEAL from *Poinsett* Circuit Court in Chancery.
Hon. L. L. MACK, Circuit Judge.

*J. M. Moore*, for appellant:

Proof shows the purchase-money was not paid as recited, and the burden was on defendant to show payment afterwards.

Joyner was in possession claiming a lien for purchase-money. This was adverse, and defendant was not entitled to partition.

33—36

*B. C. Brown*, for appellee:

Claimed upon the record, that the decree dismissing Joyner's bill, be affirmed, and the decree reversed for relief on the cross-bill, settlement with receiver, etc.

ENGLISH, C. J.   On the twenty-ninth of August, 1876, Roderick Joyner filed a bill on the chancery side of the circuit court of Poinsett county against Joseph S. Hall and Matilda C. Hall, alleging, in substance, that on the twenty-sixth day of August, 1873, he purchased of Madison Anderson and others (naming them), and by deed of that date, which is exhibited, they conveyed to him, certain lands situated in said county, which are described, containing 320 acres.   That of the purchase-money he paid $504.81⅓ cash, and gave two notes, each for a like sum, payable twenty-fifth December, 1874, and twenty-fifth December, 1875, for the residue, etc.

That in September, 1873, Joseph S. Hall proposed to plaintiff that he would pay one-half of the purchase money, if plaintiffs would convey to him one-half the lands, to which he agreed, and on the fifteenth of December, 1874, at the request of Joseph S. Hall, conveyed to his wife, Matilda C. Hall, one-half the lands, describing the tracts so conveyed.   That neither of the defendants had paid to plaintiff or his vendors, any part of the purchase-money, and that his deed to Mrs. Hall was a cloud upon his title, and prayed that it be canceled, etc.

At the October term, 1876, defendants filed a demurrer to the complaint, which the court sustained, and continued the cause, with leave to plaintiff to file an amended complaint within sixty days.

On the twenty-eighth of March, 1877, plaintiff filed a bill against Mrs. Hall alone, in which he alleged, in substance, that on the twenty-third of December, 1874, he bargained,

sold, and by deed of that date (which is exhibited) conveyed to her, one-half interest in certain lands, describing them (and which are the same lands described in the original bill), for which she was to pay him $756.12½. That she had failed and refused to pay said purchase-money, or any part thereof, and that he had a lien upon the half interest in the lands, so conveyed to her, therefor. Prayer, that by decree defendant be required to pay said purchase-money by a day to be fixed by the court, and, on failure, that said half interest in the lands so conveyed to her be sold to pay the debt, and interest, etc.

By the deed exhibited, plaintiff and wife conveyed to defendant an undivided half of the lands in question, with covenants of warranty, acknowledging the payment of the purchase-money.

Defendant answered the bill, admitting that on the twenty-third of December, 1874, she purchased of plaintiff an undivided half of the lands for $756.12½, and that he executed and delivered to her the deed exhibited, but denying that she was indebted to plaintiff in said sum, or any part of it, and alleging that it had been long since paid according to the agreement of purchase.

And by way of cross-complaint, she alleged that she was the owner in fee of an undivided half of said lands, plaintiff being the owner of the other undivided half, and, as evidence of her title, makes an exhibit of the same deed exhibited by plaintiff with the bill. That she was entitled to immediate possession of her undivided half of the lands, with the rents and profits thereof. That there was a valuable farm, with dwelling-house and other buildings on the lands, a crop in course of cultivation, etc. That plaintiff was occupying the lands and receiving the entire rents and profits thereof, and appropriating the same to his own exclusive use, and had failed and refused to pay over, or

:account to her for any part thereof; that the annual rental value of the lands. was about $200, and plaintiff was wholly insolvent.

She prayed that a receiver be appointed, by the court, to take charge of the lands, or a sufficient amount thereof to protect her rights in the premises, rent out the same, and collect the rents and profits arising from her undivided half interest, and hold the same, subject to the order of the court; and that·on final hearing she be decreed one·half the lands, with the rents and profits thereof; and that commissioners be appointed to make partition of the lands between plaintiff and her, and for other relief.

At the October term, 1877, by consent of parties, the court appointed Enoch Mitchell receiver, and he was directed to take charge and collect·one-half of the rents and profits of the lands; and to collect from plaintiff, or his tenants, one-half of the rental value of the lands for the year 1877, and that plaintiff be permitted to occupy, and rent out the lands for the year 1878, subject to the further order of the court.

At the April term, 1878, the following decree was rendered:

" This cause having come on for hearing upon the complaint, answer, exhibits and depositions, and the court having heard the argument of counsel, and being fully advised of the facts in the cause, and the law arising thereon, doth find for the defendant.   It is, therefore, ordered, adjudged and decreed by the court, that this cause be dismissed for want of equity, and that defendant recover of plaintiff all her costs in this behalf expended, etc.   And the plaintiff, by attorney, files his motion for setting aside the decree, and for a new trial herein, which motion is, by the court, taken under advisement until the next term of this court."

Such parts of the depositions as were not suppressed for irrelevancy, etc., relate to the issue of fact made by the bill and answer as to the payment, by Mrs. Hall, of the purchase-money for the undivided half of the lands conveyed to her by plaintiff; and it was no doubt upon this issue that the court found for defendant. There was no reply or demurrer to the cross-complaint.

No further order appears to have been made in the case until the April term, 1879, when the court overruled the motion for a rehearing filed by plaintiff at the April term, 1878, and plaintiff appealed to this court.

After the transcript was filed here, on the appeal of Joyner, Mrs. Hall prayed for, and obtained, an order of this court for a cross-appeal against him from so much of the decree of the court below as failed to pass upon and adjudicate her cross-complaint. *Gantt's Digest, sec. 1092.*

I. On the appeal of Joyner. The decree rendered at the April term, 1878, was final. If, on the filing of the motion for rehearing, the court desired time to consider, until the next term, it should have opened the decree so as to keep it within its control. This was not done, and at the close of the term it passed beyond its control. It was too late for Joyner to take an appeal, in the court below, on the overruling of his motion for a rehearing at the April term, 1879, the court having no power then to grant the motion. He should have appealed at the term at which the decree was rendered (*Gantt's Digest, sec. 1057*); or, he might have obtained a grant of appeal by the clerk of this court, at any time within three years from the rendering of the decree. *Ib., secs. 1057, 1066.*

DECREE: Final at end of the term. Appeal at next term too late.

His appeal must, therefore, be dismissed. *Brady v. Hamlett, 33 Ark., 106.*

II. On the cross-appeal of Mrs. Hall.

The cross-complaint made a simple case for partition,

and an account for rents, between Mrs. Hall and Joyner, as tenants in common; it was not demurred to nor answered, and the court erred in dismissing the whole cause, for the reason that, in its judgment, there was no equity in Joyner's bill.

The court should have retained her cross-complaint for adjudication, and for settlement with the receiver. *Allen v. Allen, 14 Ark., 666.*

So much of the decree as in effect dismissed her cross-complaint for partition of the lands, and an account of rents, must be reversed, and the cross-matter remanded for further proceedings.