### JOHNSON *v.* INMAN.

### Opinion delivered May 20, 1918.

1. DAMAGES—BREACH OF CONTRACT—SPECULATIVE DAMAGES.—Speculative damages will not be allowed; only compensatory damages can be recovered, and one injured by the breach of a contract must prevent or reduce the damages by the exercise of reasonable efforts, or the expenditure of reasonable sums.

2. LANDLORD AND TENANT—COVENANT BY LANDLORD TO REPAIR— BREACH—DAMAGES.—A landlord covenanted with his tenant to make repairs upon certain machinery, which he failed to do. *Held,* (1) if the repairs required of the landlord were small in comparison with the rents, that the measure of the tenant's damage is the reasonable cost of the repairs; and (2) if the repairs required of the landlord were extensive and the cost thereof exceedingly large in comparison with the rents, the tenant's measure of recovery is the difference between the rental value of the land with such repairs and the rental value without such repairs.

3. LANDLORD AND TENANT—BREACH ˙OF COVENANT TO REPAIR—EVIDENCE OF NEGLIGENCE.—In an action by a tenant, for damages, against his landlord, caused by the latter's breach of a covenant to repair certain machinery, testimony is admissible on behalf of the landlord to show that the failure of the machinery to perform its functions was due to the tenant's carelessness in operating the same.

Appeal from Arkansas Circuit Court; *Thos. C. Trimble,* Judge; reversed.

*C. E. Condray* and *John W. Moncrief,* for appellant.

1. The court erred in its instructions to the jury. It allowed appellee to recover for any prospective net

profits appellee claimed. It assumed that the machinery was not in good repair when leased to appellee and that a failure to put the machinery in good repair was a breach of the contract. The court wholly ignored the defense of appellant that appellee had negligently managed and operated the machinery and thereby caused any loss occurring. The court tried the case on the wrong theory. 29 Cyc. 507, 510-11.

If the crop was injured through the failure of both appellant to repair and the improper care and negligent management by appellee of the machinery, then neither party was entitled to recover. 29 Cyc. 507-8, 510-11. The *reason* of contributory negligence applies here. As to joint or contributory wrongs of both parties, see 24 Pa. St. 469; 42 *Id*. 498; 28 Oh. St. 353. The court's own instruction is erroneous in failing to say: provided you do not further find that the crop was also damaged by reason of the improper care and negligent management of the machinery by the plaintiff. Plaintiff was allowed to recover under the instructions even though he was careless. 29 Cyc. 507-8, 510-11.

2. The measure of damages fixed by the trial court was erroneous, following presumably 19 L. R. A. (N. S.) 938. The true rule is laid down in 96 Ark. 78. See also 2 S. E. 827-9, 831; 39 S. W. 433; 96 Ark. 84-5; 91 *Id*. 153; 2 S. E. 827; 57 Ark. 207.

3. Appellee sued and recovered for repairing machinery and that was all to which he was entitled. A tenant must first give notice to the landlord to make repairs and afford him a reasonable opportunity and time to make them. 99 Ark. 193-197.

4. It was error to exclude the testimony of Duckett, Ryan and Hall. 65 Ark. 106-112; 96 *Id*. 52, 57.

*J. M. Brice* and *Botts & O'Daniel,* for appellee.

1. There is no error in the court's instructions. They correctly embody the law. The question of contributory negligence has no place in this case. This was a case of breach of contract. The only issue, as explained

by the court in its charge, was whether or not appellant was guilty of breach of contract and whether damages resulted. The rule is stated in 6 R. C. L., par. 391. See also 97 Am. St. 954.

2. There was no breach of contract by appellee and the court properly instructed the jury on this phase. The machinery was properly and carefully managed by appellee, but it was defective.

3. The rule as to the measure of damages was correctly stated by the court, that is they must be *compensatory.* 96 Ark. 78, 84; 91 *Id.* 153, 160; 82 *Id.* 453; 135 S. W. 725-7-8; 19 L. R. A. (N. S.) 938, 944.

4. There was no error in excluding testimony and the judgment is right and is sustained by the testimony.

HUMPHREYS, J. Appellee, a tenant of appellant, brought suit against him in the Arkansas Circuit Court to recover a balance of $85.11 on open account, and $3,109.40 as damages to the rice crop on account of an alleged breach of covenant by appellant to repair the machinery used in pumping water on the rice fields. Appellant denied the material allegations in the complaint; charged that the loss or damage to the rice crop on account of a shortage of water was due to the careless and negligent operation of the pumping plant by appellee, and claimed a judgment over against appellee on open account of $118.44.

The cause was submitted to the jury upon the pleadings, evidence and instructions of the court, and a verdict was rendered against appellant for $900 damages, and the accounts were offset one against the other. A judgment was rendered in accordance with the verdict, from which an appeal has been prosecuted to this court.

The clause in the rental contract constituting the basis of this suit is as follows:

"It is understood and agreed by both parties hereto that the party of the first part (appellant) is to make any necessary repairs to machinery, should any be needed, and to turn the machinery and improvements over to the

party of the second part in good state of repairs; and that should party of the second part have some unavoidable break-down or mishap during the term of this lease the party of the first part hereby agrees to repair any such broken part or parts of the said machinery at its own expense.''

There was evidence tending to show that the engine, boiler and other machinery were not in a good state of repair at the time they were turned over to appellee, and that during the term of the lease unavoidable "breakdowns" occurred, which were not repaired by appellant, and that this breach of covenant for repairs on his part resulted in damages to the rice crop.

There was also evidence tending to show that the machinery was in a good state of repair when turned over to appellee and that the damage resulting to the rice crop from a shortage of water was occasioned by the careless and negligent manner in which appellee operated the pumping machinery after it was turned over to him.

Appellee tried the case in the circuit court upon the theory that if appellant breached the covenant for repairs he could, in any event, recover as damages the difference between the net value of the rice he did raise and the net value of the rice he could have raised. The court so instructed the jury.

(1) The element of doubt is inherent in future profits in almost any character of business, and, on that account, courts are slow to adopt the profit rule as a measure of damages on account of contractual breaches, and will never do so if a more certain and definite rule can be fixed, and in no event will allow purely speculative damages. This court is committed to the doctrine that only compensatory damages will be allowed, and that one injured by the breach of a contract must prevent or reduce · the damages by the exercise of reasonable effort or the expenditure of reasonable sums. This court said in the case of *Young* v. *Berman*, 96 Ark. 78:

''Where there has been a breach of an agreement on the part of the landlord to repair, the general rule for the

measure of the damages growing out of such breach is that, where the repairs to be made are extensive, and where the cost thereof would be excessively large and expensive in comparison with the amount of the rent, the diminution in the rental value of the property by reason of such breach or the difference between the rental value of said property without such repairs and the rental value of the property with such repairs would be the measure of the damages recoverable. But where the character of the repairs are not extensive, and are not thus costly and expensive in comparison with the rent, the measure of the damages caused by a breach to make such repairs would be the cost thereof. It is incumbent upon the party claiming the damages growing out of such a breach to prove the actual cost of making such repairs, and by such evidence to show that the expense of making same would not be slight, but large and excessive in comparison with the amount of the rent.''

(2) It is in evidence that over 4,000 bushels of rice were produced by appellee, and that appellant received one-fourth of the rice as rent, and that the rice sold for 95 cents a bushel. Some repairs were placed upon the machinery by appellant, but the total cost thereof is not disclosed by the evidence. The total cost of the repairs placed upon the machinery by appellee during the season of 1916 was small in comparison with the rents received by appellant. There is no evidence showing the extent of the repairs and the cost thereof which appellee contends appellant should have made under the repair clause of the contract. Unless the repairs required of appellant under the contract were extensive and costly in comparison with his rents, it was the duty of appellee to make them and prevent or reduce the damage under the rule announced in *Young* v. *Berman, supra.* Until such showing was made by appellee, he could not exempt himself from the duty imposed by the law to make the repairs himself and prevent the injury. There was no suggestion in the instructions given by the court that if the repairs required of appellant were small in compari-

son with the rents that the measure of appellee's damages would have been the reasonable cost of the repairs. Nor was there any suggestion in the instructions that if the repairs required of appellant were extensive and the cost thereof exceedingly large in comparison with the rents, that the measure of appellee's recovery would have been the difference between the rental value of the land with such repairs and the rental value without such repairs, so this case was tried upon the wrong theory entirely as to the measure of damages under the rule adopted and laid down by this court governing landlords and tenants.

(3) It is also contended by appellant that the court improperly excluded the evidence of W. M. Duckett, Tom Ryan and R. M. Hall. It will be remembered that one of appellant's defenses was that failure by the machinery to pump sufficient water for the rice field was due to improper care and operation of the machinery by appellee's engineers. The evidence of both W. M. Duckett and Tom Ryan tended to show that the condition of the boiler, at the end of the pumping season and before it was used again, indicated a scale or crust had accumulated thereon which prevented it from doing good service; and that this could have been avoided by cleaning the boiler out at reasonable intervals while same was in use. R. M. Hall's testimony tended to show that a babbit ring, which had been put on the engine by appellee's engineer, held some parts of the engine out of line and prevented it from doing good service. The evidence of these witnesses was admissible in support of appellant's defense to the effect that the failure of the machinery to perform its functions was due to the careless and negligent operation of the machinery by appellee. It was therefore error to exclude it.

We deem it unnecessary to discuss other assignments of error at this time.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.