ASHMORE *v.* HAYS.

Opinion delivered May 28, 1923.

1.  APPEAL AND ERROR—FINAL DECREE.—In an action of unlawful detainer, which was transferred to equity, the court on April 7 made an order reciting that defendant had not paid his rent since December 1, and directed him to pay the same within 20 days. On May 10 the court found that defendant was in arrears in a sum named, and decreed that a writ of possession issue unless certain sums were paid within designated times. On June 10 the court denied a motion to modify the above decree. *Held* that the order of April 7 was interlocutory, but the decree of May 10 was final and appealable.

2.  LANDLORD AND TENANT—ACTION FOR POSSESSION—COUNTERCLAIM. —Where, in an action by a landlord for possession of the leased premises, on account of lessee's failure to pay rent, the lessee set up that he had sustained damages in excess of the rents due by reason of the landlord's failure to make certain repairs which he had agreed to make, it was error to award a writ of possession to the plaintiff without ascertaining the amount of defendant's damages sustained by plaintiff's failure to repair.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; reversed.

*Arthur Sneed, T. A. Turner* and *Kirby, Hays & Pringle,* for appellant.

The court erred in forfeiting the lease and directing the issuance of the writ of possession against lessee for nonpayment of rent, instead of trying out the question on appellant's claim of recoupment of damages of a larger amount than the rent claimed unpaid by appellee. The landlord agreed to make repairs, and failed to do so, and the law does not warrant his declaring a forfeiture of the lease and recovering possession under facts of this case. 99 Ark. 193; 93 Ark. 472; 88 Ark. 49; 100 Ark. 565. Forfeitures are not favored in equity. 100 Ark. 565. The lessee would have been justified, under the uncontroverted evidence, because of the lessor to make repairs, in rescinding the contract and vacating the premises. 93 Ark. 472; 99 Ark. 193. He was not required to do this, however, and remained in possession, as he had the right to do, relying upon the covenant of the lessor to keep the building in good repair throughout the term, and his own right to recoupment of damages, for breach of the covenant to repair, against a recovery of the rents. *Young* v. *Bowman,* 96 Ark. 78; 24 Cyc. 1206; 123 Ark. 594; also 3 Sutherland on Damages, 3236; 16 R. C. L., § 450; 144 N. Y. 34; 56 N. Y. 420. The court erred in not allowing appellant to recoup his damages for breach of the contract to repair in the sum proved and reduce his rent dues accordingly. The repairs agreed to be made were extensive and expensive in comparison with the rent reserved, not such as lessee would be required to make and take credit for, and the measure of damages was the difference between the rental value of the premises as they were and what it would have been if the premises had been put and kept in repair, taking into consideration the purposes for which they were to be used. 123 Ark. 594; 134 Ark. 245; 96 Ark. 78; 24 Cyc. 1097; 1 Tiffany, Landlord & Tenant, p. 589; 2 Underhill, Landlord

& Tenant, 789; 94 Pac. 266, 16 L. R. A. (N. S.) 737, and note; 15 Am. & Eng. Ann. Cas. 565, and note. Undisputed testimony shows the rental value without repairs was from 40 per cent. to 50 per cent. less than the rent recovered. In addition, appellant was entitled to damages to furnishing and fixtures. 8 Wisc. 39; 28 N. Y. Supp. 519. Damages would have been greater under rule announced in 30 Atl. (Conn.) 852; 35 N. Y. 269; 63 N. Y. 561; 144 N. Y. 34, 39 N. E. 7. Insolvency of lessee was not alleged, and such insolvency would not constitute a breach of the contract. 100 Ark. 565. The decree should be reversed, and judgment rendered here for amount of damage suffered by appellant.

*D. G. Beauchamp* and *Block & Kirsch,* for appellee.

The chancellor found appellant in arrears on rent $1,950 on May 10, 1922, and ordered that a writ of possession issue unless same was paid as directed. Appellee filed a motion to modify this order, and set up his claim for damages, and alleged that repairs had not been made as directed, and from the order refusing to modify made June 10, 1922, appealed, filing a supersedeas bond. The order of June 10, being only an order refusing to modify previous order of May 10, 1922, was not appealable. 134 Ark. 386; 108 Ark. 523; 2 R. C. L. 46. No appeal was taken from order of May 10, 1922, and the appeal should be dismissed. Writ of possession was properly issued. *Williams* v. *Wheeler,* 131 Ark. 582. It was appellant's duty, having remained in possession under his lease, to continue to pay rent reserved. He waived breach of contract to repair by remaining in possession. 245 S. W. 311; 96 Ark. 78. Appellee could not have been responsible for damages after the appointment of the receivers to make the repairs. Appellant can not insist on recoupment of damages, for the court below refused to pass on the question, which was not fully developed by appellant, nor at all by appellee.

*Arthur Sneed, T. A. Turner* and *Kirby, Hays & Pringle,* in reply.

Appeal was taken in time from both orders of May 10 and June 10, 1922, last being final order, being granted by clerk of Supreme Court on November 10, 1922. Sec. 2140, C. & M. Digest; 135 Ark. 412; 81 Ark. 258; 134 Ark. 386. Orders could be appealed from, notwithstanding they were made in vacation. Sec. 2190, C. & M. Digest. The order of May 10 was conditional, while that of June 10 *directed* the writ of possession issued, and was final. The question of appellant's right to recoupment was not determined till June 10. Breach of covenant to repair not waived by appellant, hence, remaining in possession. 123 Ark. 594; 96 Ark. 78. The receivers could only relieve lessor from damages by performing his covenant to repair, which they failed to do.

SMITH, J. On February 1, 1920, James A. Hays, the appellee, brought suit against appellant, E. B. Ashmore, for the alleged unlawful detention of a hotel in the city of Paragould, alleging the nonpayment of the rent covenanted to be paid under a written contract existing between the parties. The lease contained a provision whereby the lessor might declare the lease forfeited if the rent was not paid.

Appellant denied a failure to pay rent, and alleged a default upon the part of appellee in making certain necessary repairs which appellee had expressly covenanted to make. On appellant's motion the cause was transferred to equity, where it was tried.

After the transfer of the cause appellee applied for the appointment of a receiver to collect the rents, and that appointment was made. Upon appellant's objection, this receiver was removed and another appointed, who was also removed, at appellant's insistence. Thereafter two receivers were appointed to act together, one at the instance of each party.

The case remained on the docket until April 7, 1922, at which time a decree was entered which, appellee insists, was a final decree if, in fact, a final decree has been entered. Prior to the rendition of this decree the court

had made orders in which the receivers were directed to make repairs, and the receivers made report of the repairs which they had made.

On April 7, 1922, the court made an order, in which it was recited that appellant had not paid the rent since December 1, 1921, and directed him to pay the same within twenty days. The receivers were ordered to make certain additional repairs. Appellant failed to pay the rent, whereupon appellee filed a motion asking the court to issue a writ of possession. To this motion appellant filed a lengthy response. At the hearing on May 10, 1922, the court found appellant was in arrears for rent to the extent of $1,950, and ordered that a writ of possession issue unless he should pay $500 before noon of May 16 and $700 before noon of June 5, and the monthly rental thereafter before the fifth day of each month. The payments so to be made were to be held by the receivers subject to the order of the court. Appellant excepted to said order, and thereafter filed a motion to modify the decree of May 10, alleging that appellee had failed to make repairs. He took testimony on his motion, which the court heard on June 10, and on that date the court found that appellant had not complied with the order of May 10, and refused to modify that order. Appellant prayed an appeal from the refusal of the court to modify its order of May 10.

It appears, from the recitals of the orders and decrees to which we have referred, that neither the plaintiff nor the defendant had fully developed his testimony on the question of damages for failure to make repairs, but appellant insists that the testimony taken shows that his·damage was largely in excess of the sum claimed as rent.

After praying and perfecting an appeal, appellant gave a supersedeas bond and has remainded in possession, and on August 12, 1922, he filed a petition asking that the receivers be directed to make certain repairs. At the hearing of this motion the receivers were directed

to make repairs of an extensive and expensive character.

It is first insisted that there was no final decree from which an appeal would lie. We think there was a final decree from which an appeal was properly taken, and this decree was that of May 10, as the decree of June 10 was a mere refusal to vacate or modify the decree of May 10. *Oxford Telephone Mfg. Co.* v. *Arkansas Nat. Bank,* 134 Ark. 386; *Pearce* v. *People's Savings Bank & Trust Co.,* 152 Ark. 581.

The appeal from the decree of May 10 was perfected on November 10, which was exactly in time.

The decree of April 7 was interlocutory, and did not become final until May 10, but the decree of the last date was final because it granted the relief sought by plaintiff, to-wit: the recovery of the possession of the premises. *Branstetter* v. *Branstetter,* 130 Ark. 301.

Here the plaintiff insisted the defendant was in default in payment of rent. The defendant insisted that he was not in arrears, that his rents had been more than paid by the damages resulting to him from the plaintiff's failure to repair. This was a valid defense, if true, as defendant could not be required to pay if his damages exceeded his rents, it being his insistence that the repairs were so extensive and expensive in comparison with the rent reserved as that he would not be required to make them on the lessor's default and take credit therefor on his rent account. *Brunson* v. *Teague,* 123 Ark. 594; *Johnson* v. *Inman,* 134 Ark. 345; *Young* v. *Berman,* 96 Ark. 78; *Berman* v. *Shelby,* 93 Ark. 472; *Tedstrom* v. *Puddephatt,* 99 Ark. 193.

The order of the court awarding the writ of possession is defended upon the ground that it was merely a method employed by the court to enforce obedience to its decree ordering the appellant to pay rent; but the court should not have made the order awarding the writ of possession. Upon the contrary, the case should have been tried upon its merits, and the fact ascertained whether appellant was in default in the payment of his

rents, or had paid them by sustaining damages as the result of appellee's failure to repair.

The lease contained the provision that the lessor might declare the lease forfeited for nonpayment of rent, but the question is whether there has been a failure to pay rent. *Williams* v. *Shaver,* 100 Ark. 565.

It is appellant's insistence that he is not in default, and, if this is true, the possession should not have been awarded to appellee, the lessor.

In other words, the court granted appellee the relief originally prayed by him, and has reserved for decision the very question which must determine whether appellee is entitled to have that relief, which is, did appellant default in paying his rent?

For the error indicated, the decree of the court below is reversed, and the cause remanded, with directions to set aside the decree awarding appellee the possession of the property before the final hearing of the cause, and to restore the possession of the property to the receiver, if the court is of opinion that the receivership should be continued.