DENT *v.* FARMERS' & MERCHANTS' BANK.

Opinion delivered February 4, 1924.

1. ATTACHMENT—FORTHCOMING BOND—NOTICE TO SURETIES.—Sureties on a forthcoming bond in attachment proceedings, conditioned for the return of the property or payment of its value, on their failure to return the property within the time specified in the bond, were not entitled to notice before judgment was rendered against them on the bond.

2. JUDGMENT—REMEDY FOR IRREGULARITIES.—Sureties on a forthcoming bond in an attachment suit became parties to the suit

by signing such bond, and their remedy for any error in the judgment against them was by appeal, and not by motion to set aside the judgment.

3. APPEAL AND ERROR—TIME FOR APPEALING.—Parties to a judgment, by filing a motion to set aside a judgment for irregularity, instead of appealing therefrom as they should have done, did not extend the time in which to appeal.

Appeal from Poinsett Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

*Gautney & Dudley,* for appellants.

The bondsmen ought not to be penalized when the property is delivered, sold, and the proceeds applied on the judgment. The bond is not conditioned to pay the judgment in favor of the plaintiff, but only in the event of a failure to deliver, to pay the value of the property. C. & M. Digest, § 543; 37 Ark. 206.

*C. T. Carpenter,* for appellee.

1. The decree of February 1, 1922, is valid, having been rendered on a regular adjourned day of the chancery court.

2. The motion, from the overruling of which comes this appeal, was to vacate the judgment of May 8, 1922. Since this was not the final decree, no appeal could be taken from it. The decree of February 1, 1922, awarded the plaintiff full relief, and that of May 8 contained nothing new, granted no relief. *Ashmore* v. *Hays,* 159 Ark. 234; 130 Ark. 308.

3. Appellants lost their right of appeal. Appeals must be taken in six months, and not thereafter. 134 Ark. 386. Filing of motion to vacate or modify a decree does not extend the time for appeal.

HUMPHREYS, J. This is an appeal from an order of the chancery court of Poinsett County, overruling a motion of appellants to set aside a judgment rendered against them as sureties on a forthcoming bond on February 1, 1922, a regular adjourned day of the December, 1921, term of said court, and the report of sale and confirmation thereof, made pursuant to said judgment, on

the 8th day of May, 1922, which was also a regular adjourned day of said court.

The judgment and proceedings thereunder, sought to be set aside, were entered in a foreclosure and specific attachment proceeding by appellee against A. W. Judkins, who had defaulted in the payment of an indebtedness secured by a chattel mortgage. After the property described in the mortgage had been attached, and before the trial, appellants gave a forthcoming bond in order that Judkins might retain the property for the purpose of cultivating his crop. The bond was conditioned for the return of the property on November 1, 1921, or the payment of the value thereof, as agreed upon and fixed in the bond. Default was made on the bond, and on February 1, 1922, the cause was heard, which resulted in a final judgment in favor of appellee against W. A. Judkins of $700 and costs, and against appellants on the bond for $431.25 and costs. In the decree it was ordered that the attached property, or so much thereof as could be recovered, be sold, and, after paying the costs incident to the sale, to apply the proceeds on the decree against appellants. On May 8, 1922, the sale of a portion of the attached property, which was recovered, was reported to the court, and confirmed. The net proceeds were credited on the decree against appellants, leaving an unpaid balance of $329.75. On July 31, 1922, appellants filed their motion to set aside the original judgment and proceedings thereunder upon two grounds, as follows:

First, that the judgment of May 8, 1922, was rendered against them without notice.

Second, that the property for which the bond was given had been returned to appellee. This motion was heard in vacation, and the decree overruling same was entered April 13, 1923. An appeal was prayed and granted, and appellants were allowed sixty days in which to prepare and file a bill of exceptions. Within the time allowed the bill of exceptions was filed. The oral evidence contained in the bill of exceptions was to the effect

that the original decree and orders made pursuant thereto were entered without notice to appellants, or either of them, and that the property described in the forthcoming bond was delivered to the officer after the rendition of the original decree and sold to satisfy the judgment.

Appellants' first contention for a reversal of the decree overruling their motion is that the original decree and subsequent proceedings thereunder were rendered without notice to them, and consequently void. There is no merit in their contention, for it was unnecessary to give them notice before rendering the original decree. They were sureties on a forthcoming bond in an attachment proceeding, and failed to return the property within the time specified in the bond, and were in default at the time the case was tried. This court said, in the case of *Fletcher* v *Menken*, 37 Ark. 206, that "by executing the bond the sureties became parties to the suit, and the statute provides for no process or notice to them before judgment." It was proper to render a summary judgment against them upon the bond.

Appellants' next and last contention for a reversal of the decree is that, after the rendition thereof, the attached property was returned to the officer and sold to satisfy the judgment. The sale of that part of the property returned was insufficient to satisfy the judgment. If any error was committed in rendering the judgment, the remedy to correct it was by appeal, and not by collateral attack. They were parties to the suit by virtue of having signed the bond, and could have appealed from the original decree and subsequent proceedings thereunder. They lost their right to appeal therefrom by delay. The first decree was rendered on February 1, 1922, and the subsequent proceedings thereunder were had on March 8, 1922, and no appeal was prosecuted therefrom. The motion filed to set the decree and subsequent proceedings aside did not have the effect of extending the time in which to appeal. *Oxford Tele-*

*phone Mfg. Co.* v. *Arkansas National Bank,* 134 Ark. 386; *Ashmore* v *Hays,* 159 Ark. 234.

The decree overruling the motion is therefore affirmed, and the appeal is dismissed.