MARVELL LIGHT & ICE COMPANY v. GENERAL ELECTRIC COMPANY.

Opinion delivered February 11, 1924.

DAMAGES—ANTICIPATED PROFITS OF A NEW BUSINESS.—The anticipated profits of a new business are too remote, speculative and uncertain to support a judgment for their loss.

Appeal from Phillips Circuit Court; *J. M. Jackson.* Judge; affirmed.

*Bevens & Mundt,* for appellant.

The demurrer should have been overruled. It was a general demurrer raising only the question that the counterclaim did not state facts sufficient to constitute a cause of action. A complaint will not be set aside on demurrer, unless it be so fatally defective that, taking all the facts to be admitted, the court can say they furnished no cause of action whatever. 159 Ark. 31. If a cause of action can reasonably be inferred from the allegations of the complaint, it is not subject to general demurrer. 93 Ark. 371. The proper mode of correction is by motion to make more definite and certain. 91 Ark. 400; 75 Ark. 64; 6 Ency. Pl. & Pr. 350; 31 Cyc. 289; 122 Ark. 141; 96 Ark. 163. Loss of profits as an element of damage has been approved by this court. 72 Ark. 275; 104 Ark. 215; 74 Ark. 358. Full notice was given prior to the making of the contract that damages would result from delay. Where one is prevented from performing a contract by the fault of another, he is entitled to recover the profits which the evidence makes it reasonably certain he would have made had the contract been carried out. 105 Ark. 421; 97 Ark. 522; 95 Ark. 363.

No brief for appellee.

HUMPHREYS, J. Appellee instituted suit in the circuit court of Phillips County against appellants, to recover $735.99 for machinery which it sold and delivered to them, to be used in the construction of an ice plant.

Appellants filed an answer, admitting the purchase of the machinery and the correctness of the claim, but, by way of counterclaim, alleged special damages of $1,000 in lost profits on account of delay in delivering said machinery. The counterclaim is as follows:

"Further answering, and by way of counterclaim, the defendants charge and allege that on the 28th day of August, 1919, they entered into a contract with the plaintiff for the purchase of the machinery for the purchase price of which the plaintiff now sues. That, under the terms of said contract, delivery of said machinery so

purchased was to be made to the defendants on or before December 1, 1919. That, prior to the time of making said contract, the plaintiff was notified by the defendants of the purposes for which said machinery was bought, to-wit, to run an ice factory, and the reason why delivery by the said contract date was necessary and of the special damages which would ensue to defendants in event plaintiff should breach said contract by failing to deliver said machinery on or before December 1, 1919, as aforesaid. That plaintiff, with full notice and knowledge, as aforesaid, of the special damages resulting to defendants for failure to deliver said machinery on the contract date aforesaid, and after an implied promise of plaintiff to defendants to assume liability for said special damages, the plaintiff wantonly, and without reason or valid excuse, breached said contract by delaying shipment of said machinery, so that the, same, instead of reaching defendants on December 1, 1919, did not reach defendant until the 13th day of May, 1920. By reason of said breach of said contract the defendants were thus delayed in placing their ice factory in operation, and their loss in profits of said business by reason of plaintiff's said breach of contract was the sum of $1,000.

"Wherefore, defendant prays judgment for its said damages in the sum of $1,000, with interest thereon at the legal rate from December 1, 1919, until date of judgment."

A demurrer was filed and sustained to the counterclaim, and, upon refusal of appellants to plead further, a judgment was rendered against them, from which is this appeal.

Insistence is made by appellants that the counterclaim stated a cause of action, and the trial court committed reversible error in sustaining the demurrer thereto. Loss of expected profits in the ice business is made the basis of the counterclaim. It does not appear, by allegation or reasonable inference, that the manufacture

and sale of ice by appellants was an established business, so that proof of the amount lost on account of the delay in delivering the machinery might be made with reasonable certainty. The anticipated profits of the new business are too remote, speculative, and uncertain to support a judgment for their loss. In the case of *Midland Valley Rd. Co.* v. *Hoffman Coal Co.,* 91 Ark. 180, this court quoted with approval the following language from *Central Coal & Coke Co.* v. *Hartman,* 49 C. C. A. 244: ''He who is prevented from embarking in a new business can recover no profits, because there are not provable data of past business from which the fact that anticipated profits might have been realized can be legally deduced.''

The counterclaim was therefore defective and subject to demurrer, because it failed to contain the necessary allegation that the ice business, which was delayed, was an old or long established business.

No error appearing, the judgment is affirmed.