ARKANSAS RAILROAD COMMISSION *v.* GALUTZA.

Opinion delivered February 20, 1928.

PUBLIC SERVICE COMMISSIONS—NECESSITY OF MOTION FOR APPEAL.— Where the Railroad Commission failed to file a motion in writing in the circuit court, praying an appeal from the circuit court's order setting aside the Commission's action, as required by Acts 1921, c. 124, § 21, the appeal of the Commission will be dismissed.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; appeal dismissed.

*H. W. Applegate,* Attorney General, *John L. Carter,* Assistant, and *Robinson, House & Moses,* for appellant.

*Charles Stan Harley* and *Louis Tarlowski,* for appellee.

MEHAFFY, J.   The Messina Bus Line was granted a license certificate on May 31, 1927, authorizing it to operate a bus line on certain highways in the State of Arkansas, particularly from Helena to Ferguson, in Phillips County.   On June 15, 1927, the Railroad Commission granted a permit to operate a taxi service to Joe Galutza, G. Centenio and Mike Messina, and the permit for taxi service provided, among other things:

"It is further ordered that said Joe Galutza shall not operate upon a fixed schedule between fixed *termini* and over the route of a bus line heretofore granted or hereafter to be granted a license certificate, the intent of the Commission in issuing this permit being that applicant herein shall not interfere with the operation of a regular bus line."

The Messina Bus Line filed a petition before the Railroad Commission, alleging that it had a license and permit to operate a bus line from Helena to Ferguson and other places, and that, on the 15th day of June, 1927, the defendants were granted a permit to operate a taxi service, and it alleged that they operated their cars ahead of the Messina Bus Line schedule; they took on and discharged passengers at all points between Helena and Ferguson and return, and that the service as conducted by them seriously interferes with the operating of the Messina Bus Line Company; that the defendants have no fixed schedule, no fixed *termini,* and the method by which they are operating results in great damage and unfair and unauthorized competition to the plaintiffs.   The prayer was for a hearing and cancellation of permits granted to the defendant.

The defendants filed response, denying the material allegations of the complaint.

The Railroad Commission gave notice, and granted a hearing, and, after hearing the testimony, the Commis-

sion found that the defendants had violated the terms of their permits, and made an order canceling the permit to the defendants. An appeal was taken to the Pulaski Circuit Court, where a trial was had, and the circuit court found that the order of the Railroad Commission was unreasonable, and should be set aside, and made an order setting it aside.

The Arkansas Railroad Commission filed its transcript in court, and prayed an appeal, which was granted by the clerk of this court on November 14, 1927. The Arkansas Railroad Commission did not file any motion for a new trial in the circuit court.

Appellee's first contention is that the appeal should be dismissed because no motion for new trial was filed in the lower court.

Section 21 of act 124 of the General Assembly of 1921 provides the manner in which appeals must be taken to the Supreme Court. That part of it necessary to be considered here reads as follows:

"Appeal to the Supreme Court.—Within thirty days after rendition of any order of any circuit court under the terms of this act, whether such order be rendered on appeal of municipal council or city commission action, or Arkansas Railroad Commission action, any party aggrieved may file a motion in writing in said circuit court, or in the office of the clerk thereof, praying an appeal from such order to the Supreme Court of Arkansas, which motion, when so filed, shall be granted as a matter of right by the said circuit court or by the clerk thereof: and in such case the appeal to the Supreme Court shall be governed by the procedure, and reviewed in the manner applicable to other appeals from such circuit court, except that any finding of fact by the circuit court shall not be binding on the Supreme Court, but the Supreme Court may and shall review all the evidence and make such findings of fact and law as it may deem just, proper and equitable. The record shall be lodged in the office of the clerk of the Supreme Court within sixty days from the rendition of the order in the circuit court, and

all such cases shall be regarded and treated in the Supreme Court as cases involving public interest, and shall be advanced and given preference on the docket of said court on motion of either party.''

It will be observed from the reading of this act that the party aggrieved, or the party desiring to take an appeal, takes the appeal by filing a motion in writing in the circuit court, or in the office of the clerk of the circuit court, praying an appeal. It is necessary that this motion in writing be filed. This was not done by the appellant in this case.

It therefore appears that the appellant did not take an appeal in the manner provided by law by filing his motion in writing in the circuit court or with the circuit clerk, and the appeal is therefore dismissed.