WINN v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Opinion delivered March 23, 1931.

*Oscar H. Winn,* for appellant.
*Frauenthal, Sherrill & Johnson,* for appellee.

PER CURIAM. Counsel for appellee have filed a motion to dismiss the appeal in this case because it was not taken in the time required by statute. The Prudential Insurance Company of America brought suit in the circuit court against Floy K. Winn and Oscar H. Winn to recover the possession of certain real property described in the complaint. On the 20th day of May, 1930, judgment was rendered in favor of the plaintiff against the defendants for the possession of the property. On June 9, 1930, the defendants filed what they call a motion to prevent writ of assistance and re-try the action. On the same day, the motion was heard by the court and overruled. On July 8, 1930, the defendants filed their motion for a new trial, which was overruled on the 29th day of July, 1930. The transcript of the case was filed in this court on December 2, 1930.

The judgment of May 20, 1930, contains an express recital that it is considered and adjudged that the Pru-

dential Insurance Company of America have and recover from the defendants, Floy K. Winn and Oscar H. Winn, certain real property which is specifically described. This was a final judgment from which an appeal would lie; and, under the settled law of this State, the appeal must be taken within six months from the date of the rendition of the judgment, and not from the date of overruling the motion for a new trial. *Chatfield* v. *Jarrett*, 108 Ark. 523, 158 S. W. 146; *Caudle* v. *Turner*, 179 Ark. 337, and cases cited. See also *Poe* v. *Walker, post* p..........

Nor can a party by filing a motion to set aside a judgment for irregularity, instead of appealing therefrom, extend the time in which to appeal. *Dent* v. *Farmers' & Merchants' Bank*, 162 Ark. 325, 258 S. W. 322, and cases cited.

The judgment of May 20, 1930, settled and adjudicated the right of the plaintiff against the defendants to the possession of the real property. It was a final judgment. The transcript was lodged in this court on December 2, 1930, which was more than six months after the rendition of the judgment. Therefore the appeal will be dismissed.