### DUGAN v. BROWNE.

#### 4-2870

Opinion delivered March 13, 1933.

14

*George P. Whittington* and *Cooper B. Land,* for appellant.

*Walter J. Hebert* and *C. Floyd Huff,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists first that the court erred in not giving her requested instruction No. 1, which would have submitted the only question in the case to the jury. The undisputed testimony shows that appellee leased the premises that they had been occupying for some time before the leases were executed; that they executed the leases, and, after some time occupancy of the premises thereunder, under conditions about as theretofore under their monthly occupancy, they and each of them, without giving notice of any complaint or claim of forfeiture because of failure to furnish service that they regarded themselves entitled to under the terms of the leases, abandoned and vacated the premises and took offices in the new building upon its completion which they had contracted for before the execution of the leases to appellant. If there was such a failure upon the part of the lessor to furnish the service as agreed to be furnished in the leases as would have warranted forfeiture, appellant would have had the right to notice of such claim and a reasonable opportunity to remedy or repair the condition before appellees would have been justified in abandoning and vacating the building. The failure, if any, to furnish the service agreed to be furnished was not shown to have been complete at any time, nor sufficient to prevent the continued occupancy of the offices, but at most to render some of them occasionally uncomfortable for only a short time; most of the tenants who complained on account of it being able to supply the service needed at a very small outlay of expense—a negligible amount as compared with the rent reserved and to be paid. Under such circumstances, according to the undisputed proof, the tenants should have furnished or procured the service and taken credit therefor on the rent account, and were not warranted in abandoning the premises because of any such claim of failure. In other words, the testimony does not show any substantial failure upon the lessor's part to furnish the services agreed to be furnished in the leases as would have warranted the abandonment of the premises by the tenants under a claim of forfeiture. *Ashmore* v. *Hays*, 159 Ark. 234, 252 S. W.

11. See also *Tedstrom* v. *Puddephatt,* 99 Ark. 193, 137 S. W. 816; *Williams* v. *Shaver,* 100 Ark. 565, 140 S. W. 740.

The said requested instruction No. 1 not only should have been given, but No. 9 as well. In fact, the appellees admitted the execution of the leases and occupancy of the premises and their vacation thereof before the expiration of the time stipulated without payment of the rent, attempting to justify their conduct by a claim of forfeiture of said leases because of the default of the landlord in supplying the service agreed to be furnished under their terms. The testimony introduced in support of the claim of forfeiture and justification of the tenants' vacation of the premises was insufficient to establish the right thereto, and the court would have been warranted in directing a verdict in favor of appellant.

The judgment herein will be reversed, and the cause remanded for a new trial. It is so ordered.