JONES TRUCK LINES CO. *v.* POWELL BROTHERS TRUCK LINES, INC.

4-5166

Opinion delivered October 3, 1938.

*Virgil D. Willis,* for appellant.

*Louis Tarlowski,* for appellee.

SMITH, J. On January 22, 1934, the Arkansas Corporation Commission issued to Curt J. Wallis a permit

numbered B-56 to operate a truck line upon certain highways in this state. Wallis died November 7, 1934, and on June 27, 1935, the commission canceled the permit above-mentioned, because Wallis had failed to file the operating bond required by law.

On November 24, 1936, the commission made its order vacating the order of June 27, 1935, which had canceled the original permit, and directed the reinstatement of the permit in the name of Powell Brothers Truck Lines, Incorporated, that company having acquired, under an order of the Boone Probate Court, the interest of Wallis in the permit.

The Jones Truck Lines Company, operating under a permit covering a portion of the highways covered by the Wallis permit B-56, made itself a party to the proceedings and resisted the reinstatement of permit B-56, and filed a petition for rehearing after that order had been made. On January 11, 1937, the commission entered an order overruling the petition for rehearing, and on January 22, 1937, an appeal to the Pulaski circuit court was prayed and perfected.

A motion is made to dismiss this appeal, for the reason that it was not perfected within the time limited by law for that purpose, as more than thirty days had elapsed after November 24, 1936, when the commission's final order was made, as hereinabove stated, before the appeal was perfected.

It is, of course, essential that the appeal be prosecuted within the time limited for that purpose. In the case of *Arkansas Railroad Commission* v. *Galutza,* 176 Ark. 481, 2 S. W. 2d 1092, an appeal of the commission from a circuit court order was dismissed because the commission had failed to file a motion in writing praying the appeal as required by § 21 of the acts of 1921, Chapter 124, p. 177.

Prior to the passage of this act of 1921, *supra,* it was the practice to file petitions for rehearing when it was sought to review the action and order of the commission. That practice was prescribed by § 26 of act 571 of the Acts of 1919, p. 431, and appeals were prosecuted from the order of the commission within twenty

days after the prayer for a rehearing had been denied. This § 26 of the Acts of 1919 was expressly repealed by § 25 of the Acts of 1921, *supra,* and it was provided by § 20 of this act 124 of 1921 that appeals from the orders of the commission to the circuit court should be taken within thirty days after the entry on the record of the commission of any order made by it. This section further provides a very simple method of appealing to the Pulaski circuit court from the orders of the commission.

The time for perfecting appeals having been limited to thirty days, that time cannot be extended by filing a petition for rehearing, a step no longer required in perfecting appeals. It has been frequently held that where a statute limits the time for an appeal after the rendition of the order or judgment sought to be reviewed this time cannot be extended by filing a motion for a rehearing or one to vacate. That rule is applicable here. The appeal was not perfected within the thirty days allowed for that purpose and must, therefore, be dismissed and it is so ordered. *Joyner* v. *Hall,* 36 Ark. 513; *Oxford Telephone Mfg. Co.* v. *Arkansas Nat. Bank,* 134 Ark. 386, 204 S. W. 1140; *Pearce* v. *People's Sav. Bank & Trust Co.,* 152 Ark. 581, 238 S. W. 1063; *Dent* v. *Farmers' & Merchants' Bank,* 162 Ark. 325, 258 S. W. 322; *Winn* v. *Prudential Ins. Co. of America,* 183 Ark. 511, 36 S. W. 2d 966; *Bradley* v. *Ashby,* 188 Ark. 707, 67 S. W. 2d 739; *Sheffield* v. *Brandenburg,* 190 Ark. 60, 76 S. W. 2d 984.