VAN GUNDY v. CAUDLE, COUNTY JUDGE.

4-7229                                                 177 S. W. 2d. 740

Opinion delivered February 7, 1944.

Carlos B. Hill and G. T. Sullins, for appellant.

McFADDIN, J. On May 1, 1943, a petition was filed in the county court of Washington county purporting to be signed by fifteen per cent. of the qualified electors in White River township in said county. The petition prayed that a local option election be held in said township under the provisions of Initiated Act No. 1 of 1942 (see page 998 of the Acts of 1943). After published notice, there was a public hearing on said petition on May 8, 1943, in the county court, resulting in: (1) a finding that the petition was signed by the requisite number of qualified electors, and was in due and proper form, and (2) an order calling a local option election to be held in said township on May 31, 1943.

On May 17, 1943, (nine days after the said county court order) appellant, B. H. Van Gundy, filed in the county court a "motion to set aside the order for election." This motion was denied the same day. On May 18, 1943, Van Gundy gave notice to the county judge and county clerk of Washington county that on May 31, 1943, he would file in the circuit court of Washington county a petition for writ of certiorari and prohibition, claiming that the order of May 8, 1943, was void on its face. Then on May 28, 1943, Van Gundy filed in the county court his "affidavit for appeal" in the local option case; and on the same day he filed his said petition for writ of certiorari and prohibition in the circuit court. The certificate of the transcript of proceedings in the county court is dated May 31, 1943, and the transcript was evidently filed in the circuit court on that same date.

The record before us is rather sketchy as to the final judgment made in the circuit court; and if there were a motion here challenging the sufficiency of the record before us, such motion would receive serious consideration. But there is no appearance for the appellees. We infer that on May 31, 1943, final judgment was made by the circuit court denying Van Gundy all relief sought. From that judgment comes this appeal in which appellant challenges the order of the county court on three grounds, to-wit: (1) alleged unconstitutionality of Initiated Act No. 1 of 1942, (2) failure of the county clerk to pass on the sufficiency of the petition as is required of initiated petitions, and (3) the appeal to the circuit court made it mandatory on the circuit court to set a new date for the election.

In the companion cases of *Yarbrough* v. *Beardon*, (No. 7234) and *Phillips* v. *Foreman* (No. 7249), *ante,* p. 553, 177 S. W. 2d 38, (opinion delivered January 10, 1944) we passed on the first two of the contentions here involved, and decided them adversely to the position of the present appellant. The reasoning in those cases tends to likewise dispose of the third contention of the appellant in the case at bar.

But there is another reason for holding against appellant in the case at bar; and this is mentioned in order to call attention to the provisions of said Initiated Act No. 1 on the time for appeal. Section 4 of the said act provides in part: "If an appeal be taken from the order of the county court, it shall be taken within ten days . . . ." It will be observed from the recited facts that the order of the county court was made on May 8, 1943; and it was not until May 28, 1943, that the affidavit of appeal was filed. This was too late under the plain wording of the statute.

The filing in the county court on May 17, 1943, of the motion to set aside the order of May 8, 1943, would neither interrupt nor toll the time allowed for appeal. We have frequently held that filing a motion to vacate does not extend the time for appeal. In *Jones Truck Lines Company* v. *Powell Truck Lines,* 196 Ark. 759, 119 S. W. 2d 1032, there was involved an appeal from the Corporation Commission to the circuit court. The appeal had been delayed because of a filing of a petition for rehearing and in that case we said: "It has been frequently held that where a statute limits the time for an appeal after the rendition of the order or judgment sought to be reviewed this time cannot be extended by filing a motion for a rehearing or one to vacate. That rule is applicable here. The appeal was not perfected within the thirty days allowed for that purpose and must, therefore, be dismissed and it is so ordered. *Joyner* v. *Hall,* 36 Ark. 513; *Oxford Telephone Mfg. Co.* v. *Arkansas Nat. Bank,* 134 Ark. 386, 204 S. W. 1140; *Pearce* v. *People's Sav. Bank & Trust Co.,* 152 Ark. 581, 238 S. W. 1063; *Dent* v. *Farmers' & Merchants' Bank,* 162 Ark. 325, 258 S. W. 322; *Winn* v. *Prudential Ins. Co. of America,* 183 Ark. 511, 36 S. W. 2d 966; *Bradley* v. *Ashby,* 188 Ark. 707, 67 S. W. 2d 739; *Sheffield* v. *Brandenburg,* 190 Ark. 60, 76 S. W. 2d 984."

The filing of the notice of intention to apply for certiorari and prohibition was without any effect whatsoever, because neither writ was proper in this case. Prohibition was not a proper writ here because the Initiated Act No. 1 provided for the proceeding in the county

court, and the order of the county court was valid on its face. Furthermore the right of appeal to the circuit court was expressly allowed by the Initiated Act. (For cases on prohibition see West Arkansas Digest, ''Prohibition,'' § 3.)

Neither was certiorari a proper writ here because certiorari is not a substitute for appeal. (For cases on certiorari, see West Arkansas Digest, ''Certiorari,'' §§ 5 and 6.) Van Gundy could not say that he lost the right of appeal without his fault because he knew of the order of the county court within the time for appeal. Nine days after the entry of the order he filed a motion to set aside the order as previously recited herein. He did not perfect his appeal within the statutory time; and since the appeal from the county court to the circuit court was not perfected in due time the appeal to this court is dismissed.